IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **VINCENT P. JUDGE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | **5:06-cv-1808-UWC** |
| **CITY OF DECATUR, ALABAMA and** | ) | |
| **OFFICER DONNY BETTERTON,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

On September 12, 2006, Plaintiff Vincent P. Judge, who is proceeding *pro se*, filed the present action against the City of Decatur, Alabama, and police officer Donny Betterton.  Mr. Judge asserts that his rights under the United States Constitution were violated when he was imprisoned on a D.U.I. charge, without probable cause.  Mr. Judge also complains that he has yet to receive a "speedy trial" on this D.U.I. charge.  Finally, Mr. Judge complains that the suspension of his license constituted cruel and usual punishment.  He brings this action pursuant to 42 U.S.C. Section 1983.[1]

Section 1983 has no statute of limitations of its own.  Rather, this Court must look to the forum state's general personal injury statute when determining the timeliness of a claim under Section 1983.  *See Hughes v. Lott*, 350 F.3d 1157, 1162-63 (11th Cir. 2003).  Here, the

---

[1] Mr. Judge also purports to bring this action under 28 U.S.C. Sections 1331 and 1343. However, neither of these statutes provides an independent basis for federal jurisdiction.

applicable statute of limitations is two years.  *See id.*

In his complaint, Mr. Judge repeatedly states that the incidents which gave rise to the present lawsuit occurred on March 31, 2001.  Because the conduct about which Mr. Judge complains occurred more than two years prior to the date this lawsuit was filed on September 12, 2006, his claims are time barred.

Accordingly, by separate order, Mr. Judge's claims will be dismissed without prejudice.

Done this 29th day of September, 2006.

_____
U.W. Clemon
Chief United States District Judge